JUDGE CARTER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

13 CV 0417

| | |
|---|---|
| CHARLISSE SANTANA-RUIZ,<br><br>  Plaintiff,<br><br>v.<br><br>METROPOLITAN DIAGNOSTIC IMAGING GROUP, LLC,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

JAN 18 2013

Plaintiff Charlisse Santana-Ruiz ("Plaintiff" or "Ms. Santana-Ruiz"), by and through her attorneys, The Ottinger Firm, P.C., as and for her Complaint in this action against Defendant Metropolitan Diagnostic Imaging Group, LLC ("Defendant" or the "Company") alleges as follows:

## NATURE OF THE CLAIMS

1. This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including its unlawful interference with, restraint, and denial of Plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), Defendant's retaliation against Plaintiff for exercising such rights, as well as their discriminatory treatment and unlawful termination of Plaintiff's employment as a result of her disability in violation of the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

2. Specifically, Defendant violated the FMLA by failing to reinstate Plaintiff to her position upon the completion of an FMLA-qualified leave of absence and terminating her employment in retaliation for exercising her rights under the FMLA.

1

3. Defendant also violated the NYSHRL and NYCHRL by terminating Plaintiff's employment for discriminatory reasons as specifically alleged herein.

4. Defendant's discriminatory and otherwise unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FMLA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff Charlisse Santana-Ruiz is a former employee of Defendant who resides in the State of New York. She was employed by Defendant from September 2001 through January 19, 2011. At all relevant times, Plaintiff met the definition of "employee" under all applicable statutes.

8. Defendant Metropolitan Diagnostic Imaging Group, LLC is a health care provider providing diagnostic and radiology services, among other things, to patients in the New York Metropolitan area. At present, the Company has six locations in the New York Metropolitan area and maintains its corporate headquarters at 224 7th Street, Garden City, NY 11530. At all relevant times, Defendant met the definition of "employer" under all applicable statutes.

## PROCEDURAL REQUIREMENTS

9. Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §8-502 of the New York City Administrative Code.

## FACTUAL ALLEGATIONS

10. Plaintiff began her employment with the Company in September 2001 in the position of Staff Technologist at Defendant's Gramercy MRI and Diagnostic Radiology, P.C. ("Gramercy MRI") location. In approximately 2004, Plaintiff was promoted to the position of Assistant Chief Technologist.

11. As Assistant Chief Technologist, Plaintiff reported to Christopher DeMeglio, Chief Technologist at the Gramercy MRI location and Technical Director for a number of Defendant's other locations.

12. Throughout the course of Plaintiff's employment with the Company, she was well-qualified for the Assistant Chief Technologist position. Indeed, Plaintiff always performed her duties in a highly professional and competent manner, and consistently received positive performance reviews.

13. In November 2010, Plaintiff's father passed away and, as a result, Plaintiff suffered from depression and anxiety as diagnosed by her primary care physician.

14. On November 10, 2010, Plaintiff informed Defendant that she needed to take a medical leave of absence pursuant to the FMLA effective that same day.

15. On November 12, 2010, Defendant's Human Resources representative advised Plaintiff that she was eligible for FMLA leave and provided her with a copy of U.S. Department

of Labor Form WH-380-E (Certification of Health Care Provider for Employee's Serious Health Condition) to be filled out by Plaintiff's primary care physician.

16. On November 15, 2010, Plaintiff's primary care physician filled out the medical certification and, shortly thereafter, Plaintiff provided this certification to Defendant.

17. From November 10, 2010 through January 14, 2011, Plaintiff was on an approved, FMLA-designated leave of absence from her position with Defendant.

18. As directed by Defendant, during the course of her FMLA leave, Plaintiff was in frequent contact with Mr. DeMegelio (her supervisor) and updated Marilyn McCarthy (from Human Resources) regarding her status and intent to return to work.

19. On Friday, January 14, 2011, Mr. DeMeglio advised Plaintiff that, upon her return from FMLA leave, she was to report to the Company's Queens Medical Imaging, P.C. ("Queens Medical Imaging"), located at 69-15 Austin Street, Forest Hills, NY 11375, on the following Monday, January 17, 2011. Mr. DeMeglio advised Plaintiff that she would be assigned to a Staff Technologist position at Queens Medical Imaging.

20. Because the Staff Technologist position was a demotion from her Assistant Chief Technologist position that she held at Defendant's Gramercy MRI location and because the Queens Medical Imaging location was further from her home and involved a significantly longer commute, this position was not an "equivalent position," as that term is defined by 29 C.F.R. § 825.215.

21. On January 17, 2011, Plaintiff reported to the Gramercy MRI work location because she wanted to discuss her concerns regarding Defendant's failure to return her to her former position following her FMLA leave with someone from the Company's corporate office. When Plaintiff met with Mr. DeMeglio and Denise Large (Center Administrator for Gramercy

4

MRI), she was told that she was not allowed to speak with someone from Defendant's corporate office and "there [was] nothing else that could be done" about her transfer to Queens Medical Imaging.

22. Instead of addressing Plaintiff's concerns, she was told to report to the Queens location the following day or she would be fired.

23. On January 18, 2011, Plaintiff reported to the Queens Medical Imaging location, but because of a snowstorm and car trouble, Plaintiff was unable to report to work until 10:45 a.m. In fact, Plaintiff was only able to get to work that day because she called Mr. DeMeglio and he offered to pick her up and drive her to the Queens Medical Imaging office.

24. Upon her reporting to work on January 18, 2011, Plaintiff was issued a Disciplinary Action Form and told that if she did not report to work the following day at 9:00 a.m. sharp, she would be terminated immediately.

25. At this time, Plaintiff reminded Defendant that because of childcare obligations she would be unable to make it to the Queens location from her home in Staten Island by 9:00 a.m. Specifically, Plaintiff had to drop her children off at school in Brooklyn (one at 8:15 a.m., the other at 8:40 a.m.) and was not permitted to drop them off earlier and did not have any other means to get her children to school from her home in Staten Island.

26. Prior to her FMLA leave – when she was working out of Defendant's Gramercy MRI location – Plaintiff was permitted to report to work at 9:15 a.m. so she that could fulfill these childcare obligations. Similarly, on occasions when Plaintiff was late for work, she was not written up and was not threatened with termination. Conversely, Plaintiff was told that any arrangements that she had in place prior to her FMLA leave would no longer be valid.

27. On January 19, 2011, Plaintiff reported to work at 9:31 a.m., which was as soon as possible after dropping her children off at their respective schools and driving to her new work location in Queens.

28. Plaintiff was immediately terminated upon reporting to work on January 19, 2011.

29. Subsequent to the termination of her employment, Plaintiff applied for unemployment benefits. While Defendant disputed Plaintiff's claim for unemployment benefits, the Unemployment Board found that Plaintiff was eligible for unemployment benefits.

30. Defendant appealed the Administrative Law Judge's decision, but the Unemployment Insurance Appeal Board affirmed the ALJ's decision and found that, upon her return from FMLA leave, Defendant "unilaterally and unreasonably changed the terms and conditions of [Plaintiff's] job."

31. As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, NYSHRL and NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

32. As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, NYSHRL and NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of damages.

33. Defendant's unlawful and discriminatory conduct constitutes malicious, willful and wanton violations of the FMLA, NYSHRL and NYCHRL for which Plaintiff is entitled to an award of punitive and/or liquidated damages.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of the FMLA - Interference)

34. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

35. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, at all relevant times herein, Defendant was and is a "covered employer" within the meaning of the FMLA.

36. Defendant violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of and/or attempts to exercise Plaintiff's rights thereunder by, *inter alia*, failing to reinstate her to the same position or a position equivalent to the position that she occupied prior to her FMLA-designated leave of absence.

37. As a direct and proximate result of Defendant's unlawful conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief.

38. Defendant's unlawful actions constitute bad faith, malicious, willful and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Retaliation in Violation of the FMLA)

39. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

40. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA. Similarly, at all relevant times herein, Defendant was and is a "covered employer" within the meaning of the FMLA.

41. Defendant unlawfully retaliated against Plaintiff by, *inter alia*, subjecting her to disciplinary action and terminating her employment with the Company in retaliation for exercising her rights under the FMLA.

42. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the FMLA, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief.

43. Defendant's unlawful actions constitute bad faith, malicious, willful and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYSHRL)

44. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

45. Defendant has discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the NYSHRL by denying her equal terms and conditions of employment available to employees who had not been diagnosed with depression and anxiety and/or had not requested an accommodation by, including, but not limited to, terminating her employment upon her return from medical leave.

46. As a direct and proximate result of Defendant's discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

47. As a direct and proximate result of Defendant's discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment,

stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)

48. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

49. Defendant has retaliated against Plaintiff by terminating her employment with the Company for exercising and/or attempting to exercise her rights under the NYSHRL.

50. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

51. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYCHRL)

52. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

53. Defendant has discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the NYCHRL by denying her equal terms and conditions of employment available to employees who had not been diagnosed with depression and anxiety

and/or had not requested an accommodation by, including, but not limited to, terminating her employment upon her return from medical leave.

54. As a direct and proximate result of Defendant's discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

55. As a direct and proximate result of Defendant's discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of damages.

56. Defendant's unlawful and discriminatory conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Retaliation in Violation of the NYCHRL)

57. Plaintiff alleges and incorporates by reference the allegations in each of the preceding paragraphs as if fully set forth herein.

58. Defendants have retaliated against Plaintiff by terminating her employment with the Company for exercising and/or attempting to exercise her rights under the NYCHRL.

59. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which Plaintiff is entitled to an award of damages.

60. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages.

61. Defendant's unlawful and discriminatory conduct constitutes malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violated the laws of the United States, the New York State and New York City;

B. An injunction and order permanently restraining Defendant and its partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in such unlawful conduct;

C. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory, retaliatory and otherwise unlawful conduct, as well as to take such affirmative actions, including, but not limited to, reinstatement as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic hardship, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for her depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering;

F. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G. An award of liquidated damages in an amount to be determined at trial pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

H. An award of punitive damages;

I. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

Dated: January 18, 2013
      New York, New York

THE OTTINGER FIRM, P.C.

By: _____
      Gregory N. Filosa (GF-5680)

20 West 55th Street, 6th Floor
New York, NY 10019
Telephone: (212) 571-2000
Facsimile: (212) 571-0505
COUNSEL FOR PLAINTIFF